Joseph F. Postnikoff
State Bar No. 16168320
GOODRICH POSTNIKOFF &
ASSOCIATES, LLP
801 Cherry Street, Suite 1010
Fort Worth, Texas 76102
Telephone: 817.347.5261
Telecopy: 817.335.9411
jpostnikoff@gpalaw.com

COUNSEL FOR SHAWN K. BROWN, CHAPTER 7 TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| DUAL D HEALTH CARE OPERATIONS, INC., D/B/A KEMP CARE CENTER, LLC, | § § § § § | Case No. 17-41320-RFN-7<br><br>In Proceedings Under Chapter 7 |
| Debtor. | § | |

**MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT AGREEMENT WITH GRACE SHEPHERD, AS WRONGFUL DEATH BENEFICIARY OF JOHN SHEPHERD, DECEASED**

IMPORTANT NOTICE

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 WEST 10TH STREET, FORT WORTH, TEXAS 76102 BEFORE THE CLOSE OF BUSINESS ON DECEMBER 3, 2018 WHICH IS AT LEAST TWENTY – FOUR (24) DAYS FROM THE DATE OF SERVICE HEREOF.

ANY OBJECTION SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF AN OBJECTION IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

TO THE HONORABLE RUSSELL F. NELMS, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Shawn K. Brown, Trustee ("Trustee") of the above styled and numbered chapter 7 bankruptcy estate, and files this Motion for Approval of Compromise and Settlement Agreement with Grace Shepherd, as Wrongful Death Beneficiary of John Shepherd, Deceased (the "Motion"), and in support thereof would respectfully show the Court as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (B). Venue is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

### Background

2. On January 9, 2015, Grace Shepherd, as Wrongful Death Beneficiary of John Shepherd, Deceased ("Shepherd") initiated suit against Dual D Health Care Operations, Inc. d/b/a Kemp Care Center ("Dual D" or "Debtor"), Dual D Life Care, Inc., and Kemp Care Center Operations, LLC in the 48th Judicial District Court of Tarrant County, Texas under Case No. 048-276330-15, styled *Grace Shepherd, as Wrongful Death Beneficiary of John Shepherd, Deceased, Plaintiff vs. Dual D Health Care Operations, Inc. d/b/a Kemp Care Center, Dual D Life Care, Inc., and Kemp Care Center Operations, LLC, Defendants* (the "State Court Proceeding"). In the State Court Proceeding, Shepherd seeks recovery of damages from the defendants for negligence which resulted in the death of John Shepherd on January 20, 2014.

3. On March 13, 2015, Dual D filed its Defendants Dual Healthcare Operations, Inc., and Kemp Care Center Operations, LLC's Original Answer, Affirmative Defenses and Special Exceptions in the State Court Proceeding denying liability.

In re Dual D Health Care Operations, Inc., d/b/a Kemp Care Center, LLC, Debtor
Motion for Approval of Compromise and Settlement Agreement with Grace Shepherd, as Wrongful Death
Beneficiary of John Shepherd, Deceased – Page 2

4. On August 19, 2016, Shepherd filed her Plaintiff's First Amended Petition and Request for Disclosure in the State Court Proceeding adding causes of action for alter ego/piercing of the corporate veil and fraudulent transfer as related to Lloyd Douglas.

5. On March 3, 2017 Sheppard filed her Plaintiff's Second Amended Petition in the State Court Proceeding removing all references to the causes of action related to Lloyd Douglas pled in the earlier amendment.

6. On March 31, 2017 (the "Petition Date"), Dual D filed a Voluntary Petition for Relief under chapter 7 of the Bankruptcy Code commencing the instant bankruptcy case. Shawn K. Brown was subsequently appointed and qualified to serve as the Chapter 7 Trustee. In connection with the Bankruptcy Case, a bar date for filing proofs of claim was set as September 19, 2017.

7. On January 10, 2018, Shephard filed a Motion to Lift Stay [Docket No. 24] (the "Lift Stay Motion") seeking relief from the automatic stay of Bankruptcy Code Section 362 to go forward with the State Court Proceeding to establish liability of the Debtor for the purposes of recovering any amounts owed to Shephard under any insurance policy or other third party.

8. On or about January 11, 2018, Shepherd filed a proof of claim as an unsecured claim in the amount of $250,000.00 based on the causes of action pled in the State Court Proceeding (the "Shepherd Claim"). The Shepherd Claim was docketed as Claim No. 2 on the Claims Register maintained by the Clerk of the Bankruptcy Court.

9. On January 23, 2018, Dual D filed its Debtor's Objection to Motion to Lift Stay [Docket No. 26] registering opposition to the Lift Stay Motion. The Lift Stay Motion is currently pending before the Bankruptcy Court.

10. The Trustee and Shepherd now wish to settle all issues between them, whether related to the Shepherd Claim, or otherwise, without the need for further delay or litigation.

### Proposed Agreement

11. The Trustee and Shepherd (jointly, the "Parties") have conferred and agreed to settle all claims and controversies. The terms of the agreement of the Parties (the "Settlement Agreement") are summarized as follows:

   i. The Shepherd Claim shall be allowed as a subordinated tardy unsecured claim in the amount of $190,000.00 with distribution rights pursuant to section 726(a)(3) of the Bankruptcy Code;

   ii. Within seven (7) days after entry of an order of the Bankruptcy Court approving this Settlement Agreement, Shepherd shall cause to be dismissed, with prejudice to refiling, the State Court Proceeding.; and

   iii. Within seven (7) days after entry of an order of the Bankruptcy Court approving this Settlement Agreement, Shepherd shall withdraw the Lift Stay Motion.

The agreement of the parties has been memorialized in a Compromise and Settlement Agreement, a true and accurate copy of which is attached hereto and incorporated herein as Exhibit "A" for all purposes.

### Relief Requested and Discussion

12. By this Motion, Trustee seeks approval of the Compromise and Settlement Agreement.

13. Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement." In deciding whether to approve a proposed settlement agreement or compromise of controversy, a bankruptcy court should consider the following factors:

   a. the probability of success on the merits and the resolution of the dispute;

  b. the complexity of the litigation being settled;

  c. the expense, inconvenience and delay associated with litigating the dispute; and

  d. the paramount interests of creditors.

*See Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1158-59 (5th Cir. 1988), *cert. denied*, 105 S. Ct. 31 (1989); *see also United States v. Aweco, Inc. (In re Aweco, Inc.)*, 752 F.2d 293, 298 (5th Cir. 1984), *cert. denied*, 469 U.S. 880 (1984).

  14. All factors considered, the Trustee asserts the proposed Settlement Agreement is in the best interests of the estate and all creditors thereof.

  a. <u>Probability of Success</u>: The Trustee is unable to predict the outcome of the State Court Proceeding and advocates settlement of the matters in dispute over incurring defense costs which may well exceed any pool of funds available for distribution to estate creditors.

  b. <u>Complexity of Litigation</u>: The State Court Proceeding involves personal injury and wrongful death claims which, in the context of a senior care center, are all too common. It is not asserted this case is any more or less complex than that normally defended by senior care centers.

  c. <u>Expense, Inconvenience and Delay</u>: Proceeding with the litigation would necessarily involve extensive attorney and expert witness fees and would likely delay administration of the instant bankruptcy proceeding.

  d. <u>Paramount Interests of Creditors</u>: The Trustee believes the settlement reached by the Parties represents the best opportunity for funds recovered for the benefit of the estate to actually reach creditors of the Debtor as opposed to estate professionals.

In re Dual D Health Care Operations, Inc., d/b/a Kemp Care Center, LLC, Debtor
Motion for Approval of Compromise and Settlement Agreement with Grace Shepherd, as Wrongful Death
Beneficiary of John Shepherd, Deceased – Page 5

15. A proposed order with respect to the relief requested in this Motion is attached hereto and incorporated herein as Exhibit "B".

**WHEREFORE, PREMISES CONSIDERED**, Shawn K. Brown, Trustee herein, respectfully prays that the Court enter an order approving the Compromise and Settlement Agreement with Grace Shepherd, as Wrongful Death Beneficiary of John Shepherd, Deceased, and for such other and further relief, at law or in equity, to which the Trustee may be shown justly entitled.

Dated this the 9th day of November, 2018.

Respectfully submitted,

GOODRICH POSTNIKOFF &
ASSOCIATES, LLP
801 Cherry Street, Suite 1010
Fort Worth, Texas 76102
Telephone – 817.347.5261
Telecopy – 817.335.9411

By: /s/ Joseph F. Postnikoff
    Joseph F. Postnikoff
    State Bar No. 16168320

COUNSEL FOR SHAWN K. BROWN,
CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the Motion was served on the 9th day of November, 2018 via ECF to those parties registered with the Court to receive ECF and via First Class U.S. Mail, postage pre-paid, on the persons named on the attached service list.

    /s/ Joseph F. Postnikoff
    Joseph F. Postnikoff

United States Trustee
1100 Commerce Street
Room 9C60
Dallas, TX 75242

Shawn K. Brown
Chapter 7 Trustee
P.O. Box 93749
Southlake, TX 76092

Dual D Health Care Operations, Inc.
P.O. Box 1745
Aledo, TX 76008

Susan B. Hersh
Susan B. Hersh, P.C.
12770 Coit Road
Suite 1100
Dallas, TX 75251

Grace Shepherd
c/o Greg Feste
Hastings Law Firm, P.C.
25511 Budde Rd. Ste 1402
Spring, TX 77380

Grace Shepherd
103 King Ranch Road
Trinidad, TX 75163

Sullivan & Cook, LLC
600 Las Colinas Blvd., E., Suite 1300
Irving, TX 75039

Linebarger, Goggan, Blair et al.
Attn: Sherrel K. Knighton
2777 N. Stemmons Freeway
Suite 1000
Dallas, TX 75207

The Pritchard Law Firm
David L. Pritchard
1244 Southridge Ct., Suite 102
Hurst, TX 76053

Internal Revenue Service
Special Procedures Insolvency
P.O. Box 7346
Philadelphia, PA 19101-7346

Texas Attorney General Office
Bankruptcy - Collection Division,
P.O. Box 12548
Austin, TX 78711-2548
United States Attorney

Office of the United States Attorney
1100 Commerce, 3rd Floor
Dallas, TX 75242-1699

United States Attorney General
Office of the Attorney General
10th & Constitution Ave., N.W.
Washington, D.C. 20530

Texas Comptroller of Public Accounts
Revenue Accounting Division
Bankruptcy Section
P.O. Box 13528
Austin, TX 78711

Texas Workforce Commission
TEC Building-Bankruptcy
101 East 15th Street
Austin, TX 78778

## COMPROMISE AND SETTLEMENT AGREEMENT

This Compromise and Settlement Agreement (this "Settlement Agreement") is entered into by and between Shawn K. Brown, the duly appointed Chapter 7 Trustee (the "Trustee") of Dual D Health Care Operations, Inc., d/b/a Kemp Care Center, LLC ("Dual D Health Care") and Grace Shepherd, as Wrongful Death Beneficiary of John Shepherd, Deceased ("Shepherd").

### I. Recitals

A. On January 9, 2015, Grace Shepherd, as Wrongful Death Beneficiary of John Shepherd, Deceased initiated suit against Dual D Health Care Operations, Inc. d/b/a Kemp Care Center, Dual D Life Care, Inc., and Kemp Care Center Operations, LLC in the 48th Judicial District Court of Tarrant County, Texas under Case No. 048-276330-15, styled *Grace Shepherd, as Wrongful Death Beneficiary of John Shepherd, Deceased, Plaintiff vs. Dual D Health Care Operations, Inc. d/b/a Kemp Care Center, Dual D Life Care, Inc., and Kemp Care Center Operations, LLC, Defendants* (the "State Court Proceeding"). In the State Court Proceeding, Shepherd seeks recovery of damages from the defendants for negligence which resulted in the death of John Shepherd on January 20, 2014.

B. On March 13, 2015, Dual D Health Care filed its Defendants Dual Healthcare Operations, Inc., and Kemp Care Center Operations, LLC's Original Answer, Affirmative Defenses and Special Exceptions in the State Court Proceeding denying liability.

C. On August 19, 2016, Shepherd filed her Plaintiff's First Amended Petition and Request for Disclosure in the State Court Proceeding adding causes of action for alter ego/piercing of the corporate veil and fraudulent transfer as related to Lloyd Douglas.

D. On March 3, 2017 Shepherd filed her Plaintiff's Second Amended Petition in the State Court Proceeding removing all references to the causes of action related to Lloyd Douglas pled in the earlier amendment.

E. On March 31, 2017 (the "Petition Date"), Dual D Health Care filed a Voluntary Petition for Relief under chapter 7 of the Bankruptcy Code commencing Case No. 17-41320-RFN-7 (the "Bankruptcy Case") in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court"). Shawn K. Brown was subsequently appointed and qualified to serve as the Chapter 7 Trustee. In connection with the Bankruptcy Case, a bar date for filing proofs of claim was set as September 19, 2017.

F. On January 10, 2018, Shephard filed a Motion to Lift Stay [Docket No. 24] (the "Lift Stay Motion") seeking relief from the automatic stay of Bankruptcy Code Section 362 to go forward with the State Court Proceeding to establish liability of the Debtor for the purposes of recovering any amounts owed to Shephard under any insurance policy or other third party.

G. On or about January 11, 2018, Shepherd filed a proof of claim as an unsecured claim in the amount of $250,000.00 based on the causes of action pled in the State Court Proceeding (the "Shepherd Claim"). The Shepherd Claim was docketed as Claim No. 2 on the

COMPROMISE AND SETTLEMENT AGREEMENT     PAGE 1 OF 5


EXHIBIT A

Claims Register maintained by the Clerk of the Bankruptcy Court. The Shepherd Claim was filed after the claims bar date of September 19, 2017.

H.   On January 23, 2018, Dual D Health Care filed its Debtor's Objection to Motion to Lift Stay [Docket No. 26] registering opposition to the Lift Stay Motion. The Lift Stay Motion is currently pending before the Bankruptcy Court.

The Trustee and Shepherd now wish to settle all issues between them, whether related to the Shepherd Claim, or otherwise, without the need for further delay or litigation.

## II. Agreement

Accordingly, the Trustee and Shepherd (jointly, the "Parties") enter into this Settlement Agreement and do hereby agree as follows:

1.   The Shepherd Claim shall be allowed as a subordinated tardy unsecured claim in the amount of $190,000.00 with distribution rights pursuant to section 726(a)(3) of the Bankruptcy Code.

2.   Within seven (7) days after entry of an order of the Bankruptcy Court approving this Settlement Agreement, Shepherd shall cause to be dismissed, with prejudice to refiling, the State Court Proceeding.

3.   Within seven (7) days after entry of an order of the Bankruptcy Court approving this Settlement Agreement, Shepherd shall withdraw the Life Stay Motion.

4.   Based on Plaintiff's representations, the Parties agree and acknowledge that all amounts paid are made is for damages received on account of personal physical injuries or sickness within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended, and that no portion of that amount represents pre-judgment interest, post-judgment interest, exemplary or punitive damages, or damages other than actual damages on account of personal physical injuries or sickness.

## III. Miscellaneous

5.   Each Party shall bear its own costs and expenses incurred in connection with the State Court Proceeding, Shepherd Claim, Lift Stay Motion and this Settlement Agreement.

6.   THIS SETTLEMENT AGREEMENT REPRESENTS THE ENTIRE EXPRESSION OF THE PARTIES WITH RESPECT TO THE SUBJECT MATTER HEREOF ON THE DATE THIS SETTLEMENT AGREEMENT IS APPROVED BY AN ORDER OF THE BANKRUPTCY COURT, WHICH ORDER WHEN ENTERED IS INCORPORATED INTO THIS SETTLEMENT AGREEMENT. THIS SETTLEMENT AGREEMENT MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES. NO MODIFICATION, RESCISSION, WAIVER, RELEASE OR AGREEMENT OF ANY PROVISION OF THIS SETTLEMENT AGREEMENT

SHALL BE MADE, EXCEPT BY A WRITTEN AGREEMENT SIGNED BY EACH PARTY AND APPROVED BY AN ORDER OF THE BANKRUPTCY COURT.

7. This Settlement Agreement may be executed in multiple counterparts, each of which shall be deemed an original and all of which constitute one agreement. Each Party agrees to execute such other and further documents and/or pleadings as may be reasonably necessary to evidence or carry out the terms and provisions of this Settlement Agreement.

8. This Settlement Agreement contains recitals of the Parties, none of which shall be deemed admissions of fact or law in this or any subsequent proceeding.

9. This Settlement Agreement shall be binding upon the Parties and each of their respective successors, heirs, legal representatives, and assigns.

10. Each of the undersigned warrants and represents that it owns (or in the Trustee's case, has, subject to obtaining a court order of approval, the right to act with respect to) any claims released hereunder and that it is legally competent to sign this Settlement Agreement. Each person signing the Settlement Agreement warrants and represents that he or she has read this Settlement Agreement, has consulted with legal counsel about it, and has authority to sign this Settlement Agreement and has signed this Settlement Agreement with full knowledge of its contents and meaning.

11. This Settlement Agreement may not be changed, modified, amended or contradicted except in a writing signed by all Parties to the Settlement Agreement and approved by a final and no longer appealable order of the Bankruptcy Court.

12. This Settlement Agreement is subject to Bankruptcy Court approval. This Settlement Agreement shall not become effective until the date this Settlement Agreement is approved by an order entered by the Bankruptcy Court. If the Bankruptcy Court does not approve this Settlement Agreement, this Settlement Agreement shall be null and void *ab initio* and of no further force or effect whatsoever. In such circumstances, neither the fact of the Parties' negotiation of, nor their entry into this Settlement Agreement, nor any of the Parties' statements made in connection therewith, shall be utilized by any Party in connection with any court proceeding related to the Claims, offered or admitted into evidence at any trial or hearing, disclosed to persons other than the Parties, or used in any other fashion except as may be permitted or required by applicable law or court orders.

13. The Parties acknowledge and agree that, should any Party be required by any breach of this Settlement Agreement by any other Party to institute legal proceedings to enforce or interpret any of the provisions of this Settlement Agreement, that the prevailing Party in such litigation shall be paid its reasonable attorneys' fees and expenses, including fees on appeal, as well as court costs.

14. This Settlement Agreement was negotiated and executed by the Parties in good faith to avoid expensive and protracted litigation and is a settlement of claims that are vigorously contested, denied, and disputed as to validity and amount. By signing this Settlement Agreement

and taking actions under this Settlement Agreement, none of the Parties agree to, or admit any liability with respect to, the Claims or any other claims released hereunder.

15. This Settlement Agreement shall not be deemed or construed to create or establish any partnership, joint venture or similar relationship between or among the Parties.

16. No consent or waiver, express or implied, by a Party to or for any breach of or deviation from any covenant or condition by a Party shall be deemed a consent to or waiver of any other breach of the same or any other covenant, condition or duty.

17. All notices, requests, demands, waivers, and other communications required or permitted to be given under this Settlement Agreement shall be in writing and shall be deemed to have been duly given when delivered by hand, by overnight delivery service, or by facsimile transmission (receipt of which is electronically confirmed) to the appropriate Party.

18. THIS SETTLEMENT AGREEMENT AND ALL OTHER DOCUMENTS EXECUTED PURSUANT HERETO SHALL BE DEEMED TO HAVE BEEN MADE AND TO BE PERFORMABLE IN AND SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS, WITHOUT REGARD TO THE PRINCIPLES OF CONFLICTS OF LAWS OR CHOICE OF LAW THEREOF. THE EXCLUSIVE JURISDICTION AND VENUE FOR ANY ACTION OR PROCEEDING BROUGHT CONCERNING THIS SETTLEMENT AGREEMENT SHALL BE BROUGHT IN THE COURT.

19. This Settlement Agreement is a product of negotiations among the Parties. It is deemed to have been drafted by all of the Parties. Accordingly, the Settlement Agreement will not be construed against any Party or Parties as the drafter(s) of the Settlement Agreement.

20. This Settlement Agreement inures to the benefit of the Parties. There are no third party beneficiaries of this Settlement Agreement.

21. The date of this Settlement Agreement is the date this Settlement Agreement is approved by the entered order of the Bankruptcy Court.

SHAWN K. BROWN, CHAPTER 7 TRUSTEE

*[signature]*

Shawn K. Brown, Chapter 7 Trustee for Dual D Health Care Operations, Inc. d/b/a Kemp Care Center, LLC, Debtor

GRACE SHEPHERD, AS WRONGFUL DEATH BENEFICIARY OF JOHN SHEPHERD, DECEASED

By: *Grace Shepherd*
Name: _____
Title: _____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DUAL D HEALTH CARE | § | Case No. 17-41320-RFN-7 |
| OPERATIONS, INC., D/B/A | § | |
| KEMP CARE CENTER, LLC, | § | |
| | § | |
| Debtor. | § | In Proceedings Under Chapter 7 |

**ORDER APPROVING COMPROMISE AND SETTLEMENT AGREEMENT
WITH GRACE SHEPHERD, AS WRONGFUL DEATH BENEFICIARY
OF JOHN SHEPHERD, DECEASED**

Came on for consideration the Motion for Approval of Compromise and Settlement Agreement with Grace Shepherd, as Wrongful Death Beneficiary of John Shepherd, Deceased (the "Motion") filed by Shawn K. Brown, Trustee of the above styled and numbered chapter 7 bankruptcy estate ("Trustee"). The Court is advised there was no opposition to the Motion.



EXHIBIT B

The Court, having considered the pleadings, finds jurisdiction over the subject matter and parties, notice of the Motion was adequate under the circumstances and the relief requested is in order and should be approved. It is therefore

**ORDERED, ADJUDGED AND DECREED** that the Motion of the Trustee be and the same is hereby granted; it is further

**ORDERED, ADJUGED AND DECREED** that the Compromise and Settlement Agreement between the Trustee and Grace Shepherd, as Wrongful Death Beneficiary of John Shepherd, Deceased, be and the same is hereby approved; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Trustee be and the same is hereby authorized to execute such documents and take such actions as are necessary and appropriate to carry out the purposes and intent of this Order.

### End of Order ###

Prepared by:

Joseph F. Postnikoff
State Bar No. 16168320
GOODRICH POSTNIKOFF & ASSOCIATES, LLP
801 Cherry Street, Suite 1010
Fort Worth, Texas 76102
Telephone: 817.347.5261
Telecopy: 817.335.9411
jpostnikoff@gpalaw.com

COUNSEL FOR SHAWN K. BROWN,
CHAPTER 7 TRUSTEE

In re Dual D Health Care Operations, Inc., d/b/a Kemp Care Center, LLC, Debtor
Order Approving Compromise and Settlement Agreement With Grace Shepherd, as Wrongful
Death Beneficiary of John Shepherd, Deceased -- Page 2