Joseph F. Postnikoff
State Bar No. 16168320
Kevin G. Herd
State Bar No. 24027017
LAW OFFICES OF JOSEPH F. POSTNIKOFF, PLLC
777 Main Street, Suite 600
Fort Worth, Texas 76102
Telephone: 817.335.9400
Email: jpostnikoff@postnikofflaw.com
Email: kherd@postnikofflaw.com

COUNSEL FOR SHAWN K. BROWN,
CHAPTER 7 TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DUAL D HEALTH CARE | § | Case No. 17-41320-ELM-7 |
| OPERATIONS, INC., D/B/A | § | |
| KEMP CARE CENTER, LLC, | § | In Proceedings Under Chapter 7 |
| | § | |
| Debtor. | § | |

**APPLICATION FOR APPROVAL OF EMPLOYMENT OF EXPERT**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. 10TH STREET, FORT WORTH, TEXAS 76102 BEFORE CLOSE OF BUSINESS ON FEBRUARY 10, 2022, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Shawn K. Brown, Chapter 7 Trustee herein ("Trustee"), by and through his general bankruptcy counsel Law Offices of Joseph F. Postnikoff, PLLC, and files this Application for Approval of Employment of Expert (this "Application") and in support thereof would respectfully show unto the Court as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The relief requested in this Application to engage expert is authorized under 11 U.S.C. § 105, Federal Rules of Bankruptcy Procedure 7026 (adopting by reference Fed. R. Civ. P. 26), or alternatively, Rule 2014 and is contemplated under Standing Orders and Guidelines, General Order 2000-7, U.S. Bankruptcy Court for the Northern District of Texas, "Guidelines for Compensation and Expense Reimbursement of Professionals," page 6.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), (H), (K) and (O).

**Procedural Background**

5. On October 20, 2017, Dual D Health Care Operations, Inc., D/B/A Kemp Care Center, LLC ("Debtor") filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code commencing this case. Shawn K. Brown was subsequently appointed and qualified to serve as Chapter 7 Trustee.

6. On September 20, 2018, the Trustee filed his *Application for Approval of Employment of Goodrich Postnikoff & Associates, LLP as Counsel for Chapter 7 Trustee* [Docket No. 40] pursuant to which the Trustee sought approval of this Court to employ the firm of Goodrich Postnikoff & Associates, LLC as his general bankruptcy counsel (the "GPA

Employment Application"). The GPA Employment Application was approved pursuant to *Order Pursuant to Section 327(a) of the Bankruptcy Code Authorizing the Employment of Goodrich Postnikoff & Associates, LLP as Counsel for Chapter 7 Trustee* [Docket No. 41] entered September 25, 2018.

7. On June 6, 2020, the Trustee filed his *Application for Approval of Substitution and Employment of Law Offices of Joseph F. Postnikoff, PLLC as Counsel for Chapter 7 Trustee* [Docket No. 54] pursuant to which the Trustee sought to substitute and employ the Law Offices of Joseph F. Postnikoff, PLLC as his general bankruptcy counsel (the "PostnikoffLaw Employment Application"). The PostnikoffLaw Employment Application was approved pursuant to *Order Granting Application for Approval of Substitution and Employment of Law Offices of Joseph F. Postnikoff, PLLC as Counsel for Chapter 7 Trustee* [Docket No. 55] entered June 4, 2020.

8. Through his general bankruptcy counsel, the Trustee investigated various pre-petition transaction between and among the Debtor and Lloyd Douglas, individually, Lloyd Douglas Enterprises and other affiliated entities. Following the investigation, the Trustee determined there was sufficient cause to commence litigation against Lloyd Douglas, individually, Lloyd Douglas Enterprises as well as other affiliated entities of Lloyd Douglas.

9. On August 14, 2020, the Trustee commenced Adversary Proceeding No. 20-04059-elm styled *Shawn K. Brown, Chapter 7 Trustee for Dual D Health Care Operations, Inc. d/b/a Kemp Care Center, LLC, Plaintiff, v. Lloyd Douglas, Individually, et al* alleging various counts under 11 U.S.C. §§ 542, 544(b), 547, 548, 550 and the Texas Uniform Fraudulent Transfer Act, outlined in greater detail in the adversary complaint, as amended (the "Adversary Proceeding").

10. Following a hearing on the *Defendants' Motion to Dismiss* [Docket No. 8] filed

September 24, 2020, this Court entered its *Memorandum Opinion and Order* [Docket No. 29] on July 21, 2021 granting in part and denying in part the *Defendant's Motion to Dismiss* and providing the Trustee leave to replead certain of the causes of action the subject of the Adversary Proceeding within twenty-one (21) days of entry of the Court's *Memorandum Opinion and Order*. The replead deadline was calculated as August 11, 2021.

11. On August 9, 2021, the Trustee and Defendants filed their *Joint Motion to Enlarge Repleading Deadline* [Docket No. 33] pursuant to which the parties sought an extension of the repleading deadline through September 30, 2021 in order to allow the parties sufficient time to confer regarding resolution of the Adversary Proceeding. On August 10, 2021, this Court entered its *Order Granting Joint Motion to enlarge Repleading Deadline* [Docket No. 35] extending the repleading deadline to September 30, 2021.

12. On September 27, 2021, the Trustee and Defendants filed their *Second Joint Motion to Enlarge Repleading Deadline* [Docket No 36] pursuant to which the parties sought a further extension of the repleading deadline through November 30, 2021 in order to allow the parties additional time to confer regarding resolution of the Adversary Proceeding. On September 28, 2021, this Court entered its *Order Granting Second Joint Motion to Enlarge Repleading Deadline* [Docket No. 37] extending the repleading deadline to November 30, 2021.

13. On November 23, 2021, the Trustee and Defendants filed their *Third Joint Motion to Enlarge Repleading Deadline* [Docket No. 40] pursuant to which the parties sought to further extend the repleading deadline through January 31, 2022 in order to allow the parties additional time to confer regarding resolution of the Adversary Proceeding. On November 24, 2021, this Court entered its *Order Granting Third Joint Motion to Enlarge Repleading Deadline* [Docket No. 41] extending the repleading deadline to January 31, 2022.

14. While settlement discussions between the Trustee and Defendants may continue, resolution of the matters the subject of the Adversary Proceeding does not appear imminent.

**Trustee's Proposed Expert**

15. Prior to and following commencement of the Adversary Proceeding, the Trustee sought to engage a consulting expert to advise Trustee's counsel on certain key matters including preparation of an opinion of the fair market value of the Debtor at the time of the sale of the skilled nursing home chain owned by Lloyd Douglas and managed by Lloyd Douglas Enterprises, L.C. was sold, whether the Debtor was or became insolvent, inadequately capitalized, or both, for purposes of the potentially applicable avoidance statues, including without limitation 11 U.S.C. § 547, § 548 and various similar and potentially applicable state statutes and in accordance with § 544(b).

16. Thereafter the selection of a consulting expert was made and it was anticipated initial findings would be provided to the Trustee's counsel prior to the original repleading deadline of August 11, 2021.

17. In view of the agreement of the Trustee and Defendants to seek an extension of the repleading deadline, the Trustee's counsel delayed engagement of the consulting expert.

18. On August 18, 2021, Trustee's counsel entered into an agreement with Ankura Consulting Group, PLLC ("Ankura") providing for engagement of Ankura on a three phase basis as follows:

   a. Phase 1 –Complete a limited scope valuation of the business enterprise ("BEV") based on currently available asset specific data supplemented by readily available market data.

   b. Phase 2 –If requested, perform additional research to support Phase 1 and produce a valuation report.

   c. Phase 3 –Perform other professional consulting services as may be requested by the

[Trustee's Counsel] and agreed to by Ankura in writing. The complete terms of the engagement agreement are set forth in the Engagement Letter dated August 18, 2021 attached hereto and incorporated herein as Exhibit "A".

19. Trustee's counsel engaged Ankura to complete Phase 1, the consulting expert phase of the engagement, and satisfied the corresponding flat fee of $8,000 for services rendered. Thereafter, Trustee's counsel received the Phase 1 valuation information from Ankura.

20. Trustee now seeks to progress to Phase 2 of the Ankura engagement resulting in Ankura producing a written report for a flat fee of $7,000 and being designated a testifying expert.

21. Additionally, pursuant to the Engagement Letter Addendum – Phase 3 Services dated January 18, 2022, the Trustee seeks to advance to Phase 3 such that Ankura will perform additional professional consulting services as may be requested on an hourly fee basis. Current Ankura hourly rates are:

| | |
|---|---|
| Senior Managing Director | $850 |
| Support Staff | $350 to $675 |

The complete terms of the Phase 3 services are set forth in the Engagement Letter Addendum – Phase 3 Services attached hereto and incorporated herein as Exhibit "B".

22. The source of compensation to be paid to Ankura for Phase 2 and Phase 3 services shall be: (a) cash on hand in the Trustee's fiduciary bank account maintained for the subject bankruptcy estate; (b) advances by Trustee's counsel; and/or (c) advances by counsel for the personal injury/wrongful death claimants in the subject bankruptcy case. The Trustee holds approximately $3,000 of unsecured funds in his fiduciary account. Advances by the Trustee's counsel and counsel for the personal injury/wrongful death claimants shall be treated as chapter 7 administrative expense claims, accorded co-equal priority and reimbursed only upon proper application to this Court.

23.     It is anticipated that Ankura's fees for services rendered in this proceeding will total approximately $45,000.00. The Phase 2 flat fee shall be due and payable to Ankura upon the later of (i) entry of an Order of this Court approving this Motion; or completion of the Phase 2 valuation report. Invoices for Phase 3 services shall be treated as follows:

   a. Invoices shall be based on hourly services at the Ankura hourly rates set forth above;

   b. Invoices will include reasonable travel-related expenses and administrative expenses, such as postage, overnight delivery, copying, printing, record storage and retention, telephone conferences, etc. at cost without a mark-up;

   c. Invoices will be billed and payable on a monthly basis;

   d. Invoices will be sent to Trustee's counsel for review and recommendation to the Trustee and shall be satisfied from the sources described above as circumstances dictate;

   e. The timely payment of all invoices and reimbursement of expenses is a requirement of continued engagement of Ankura. Any non-payment or late payment will be justification for Ankura to put ongoing work on hold or to cease activities if such late payments are not promptly cured;

   f. Ankura will keep Trustee's counsel apprised of incurred fees related to testimony and related preparation on a weekly basis;

   g. Ankura will perform its services as an independent contractor, and will comply with applicable professional standards; and

   h. Other provisions set forth in the formal engagement agreement and addendum will also apply.

24.     Ankura has no stake in the outcome of the subject litigation specifically or in the outcome to the bankruptcy estate generally. Other than payment of its fees and expenses, the interests of Ankura are to perform services at the highest professional level and to maintain an excellent reputation for expertise and integrity. Ankura is a "disinterested" party.

25.     Employment of Ankura as a testifying expert in the instant proceeding is in the best interests of the estate and creditors thereof.

26.     The form of Order approving this Motion proposed by the Trustee is attached hereto as Exhibit "C".

**WHEREFORE, PREMISES CONSIDERED**, Shawn K. Brown, Chapter 7 Trustee herein, respectfully prays for an order of this Court approving the employment of Ankura Consulting Group, PLLC as an expert for the Trustee in the Adversary Proceeding on the terms and conditions described herein and granting such other and further relief, at law or in equity, to which he may be shown justly entitled.

Dated this the 20th day of January, 2022.

LAW OFFICES OF JOSEPH F. POSTNIKOFF, PLLC
777 Main Street, Suite 600
Fort Worth, Texas 76102
Telephone: 817.335.9400
Email: jpostnikoff@postnikofflaw.com
Email: kherd@postnikofflaw.com


By: /s/ Joseph F. Postnikoff
    Joseph F. Postnikoff
    State Bar No. 16168320
    Kevin G. Herd
    State Bar No. 24027017

COUNSEL FOR SHAWN K. BROWN,
CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 20th day of January, 2022, a copy of the foregoing Application was served by first-class United States mail, postage prepaid, on the persons named on the attached service list.

    /s/   Joseph F. Postnikoff
    Joseph F. Postnikoff